<pre>
                                                              NOT FOR PUBLICATION
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                      :    Chapter 13
In re:                                                :
                                                      :    Case No. 18-35432(CGM)
Phillip L Owens                                       :
                                                      :
                                  Debtor.             :
                                                      :
---------------------------------------------------------------X
</pre>

## MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR RECONSIDERATION

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Mr. Phillip L Owens (the "Debtor") filed a letter with this Court on November 19, 2021. Mr. Owens wished to bring to the attention of the Court: 1) that his address has changed; 2) that his financial circumstances have changed, and 3) that he does not understand this Court's decision on August 20, 2019 to relieve his prior legal counsel of representation. Owens 2021 Letter, ECF[1] No. 32. Based on the Debtor's letter, the docket has been updated with the address provided. The Court scheduled a hearing on December 21, 2021 to review this letter with the Debtor. As Mr. Owens did not appear at this hearing, the rest of this letter will be addressed in this document, below.

### **Background**

Mr. Owens filed for bankruptcy under chapter 13 on March 21, 2018. Chapter 13 Petition, ECF No. 1. Debtor's plan was confirmed on June 11, 2018. Confirmation Order, ECF

---

[1] All references to "ECF" are to this Court's electronic docket, which may be viewed at www.pacer.gov. If you have trouble viewing this docket, please contact the Clerk's Office for assistance.

No. 12.  On July 25, 2019, the chapter 13 trustee filed a motion to dismiss this Debtor's case based upon a failure to make post-petition payments.  Motion to Dismiss, ECF No. 16.  The Debtor was able to catch up on his payments and this motion to dismiss was withdrawn by the trustee.  Notice of Withdrawal, ECF No. 26.

Related to this motion to dismiss, on August 16, 2018, Mr. Owens filed a letter to bring to this Court's attention, concerns he had over the representation that his lawyer provided and the fees that his lawyer charged.  Owens 2019 Letter.  At the time, Mr. Owens was represented by Mr. Julius A. Rivera Jr.  *Id.*  As stated in the letter, Mr. Owens was concerned that Mr. Rivera was charging $7,050 for a chapter 13 case.  *Id.*  Mr. Owens also advised that Mr. Rivera was non-responsive to his attempts to communicate.  *Id.*

On August 20, 2018 the Mr. Owens and Mr. Rivera appeared in Court.  After hearing from both Mr. Owens and Mr. Rivera, the Court saw that there was a serious breakdown in communication and trust between the Debtor and his counsel.  The Court issued an order relieving Mr. Rivera on August 23, 2019.  Order, ECF No. 19.

In his letter to this Court on November 21, 2021, Mr. Owens expressed concern that the Court relieved him of his lawyer at that hearing.  Owens 2021 Letter, ECF No. 32.  Mr. Owens has had a change in financial circumstances that needs attention.  *Id.*  Mr. Owens feels the Court punished him for bringing his concerns over Mr. Rivera's behavior to the Court's attention.  *Id.*  He feels that the Court made a mistake in relieving Mr. Rivera of his duties as attorney for the Debtor in this chapter 13 case. *Id.*

In his letter to the Court, advised the Court that he has custody of his two children based on an order of New York State Family Court.  *Id.*  He asks if this changes what he needs to pay to the Trustee.  *Id.*

**Discussion**

A request from an unrepresented party is held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tracy v. Freshwater*, 623 F.3d. 90, 101 (2d Cir. 2010). Courts should assist an unrepresented party's by taking the request as raising the "strongest argument that [it] suggest[s]." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). On behalf of the Debtor, the Court will take this letter as a motion to reconsider its prior decision and as a motion to amend his plan.

*Motion to Reconsider*

Where a party asks the Court to reconsider its prior ruling due to a mistake, such motion must be made within one year of the order. Fed. Rule of Civ. P. 60(c). The Debtor filed this letter over one year after the order relieving Mr. Rivera of his duties. The Court reads Mr. Owens' letter as a request to correct a mistake. The request is untimely. The Court is unable to reconsider this decision.

Since Mr. Owens is not represented, the Court will try to explain the previous decision. An attorney may not leave a case without permission from the Court. New York Rules of Professional Conduct 1.3. An attorney may withdraw where it becomes unreasonably difficult for the attorney to continue representation. New York Rules of Professional Conduct 1.16. Courts have the power to allow an attorney to leave a case where there is breakdown of communication and trust between a client and his counsel. Bankr. S.D.N.Y. R. 2090-1(e); *In re Spencer*, 2020 WL 4810064, at *2 (Bankr. N.D. Ohio July 17, 2020).

At the hearing of August 20, 2019, Mr. Owens advised the Court that he believed his counsel was charging more than was originally agreed to by him. Mr. Owens's contribution under the chapter 13 plan is $300 per month, which covers payments of secured creditors, administrative costs, such as lawyer fees, and the balance to unsecured creditors. Chapter 13

Plan, ECF No. 8. This resulted in a payment of approximately 25% of the unsecured creditors accounts and upon successful completion of the payment plan, Mr. Owens will receive a discharge on the remaining balance. 11 U.S.C. § 1328.

Mr. Owens believes that as a result of Mr. Rivera's fees he was paying a higher monthly payment than due. That without those fees, Mr. Owens would be paying less into the plan. That assumption is incorrect. Regardless of the fees Mr. Rivera collects from the plan, the amount Mr. Owens was due is $300 based on his income and expenses from his schedules. 11 U.S.C. § 1325. If Mr. Rivera charged less fees the unsecured creditors would get a larger balance of that monthly payment.

Bankruptcy Code requires all attorney's representing clients to file with the Court a statement of compensation to be paid. 11 U.S.C. § 329. Bankruptcy code allows for payment of a Debtor's Attorney for reasonable costs and fees. 11 U.S.C. § 330. Both the Court and the chapter 13 trustee review fees for reasonableness. *Id.* Section 330(a) requires the Court to take into account a number of factors in making a determination of reasonableness. *Id.* These factors include the time spent on the services, the rates charged for the service, the amount of time spent commensurate with the complexity, nature and importance of the task, the skill of the applicant and her experience in the bankruptcy field, and the comparison of fees with those customarily charged by comparably skilled practitioners in non-bankruptcy cases. *Id.*

The Court at the prior hearing did not determine that Mr. Owens was wronged by Mr. Rivera's actions, or that the fees were unreasonable for the work described by Mr. Rivera. The Court simply realized that there was significant mistrust and that the attorney-client relationship under the circumstances would not be able to continue.

*Motion to Amend Plan*

Courts may change a debtor's plan based on a change in circumstances. *See In re Solis*, 172 B.R. 530 (Bankr. S.D.N.Y. 1994). The power of a court to change a confirmed plan is discretionary and limited. *In re Salpietro*, 462 B.R. 360 (Bankr. E.D.N.Y. 2013). The bankruptcy code allows for the modification of a plan after confirmation and before completion of all plan payments. 11 U.S.C. § 1329(a).

The Court does not have enough facts to change Debtor's plan payments. For the Court to consider amending the Debtor's plan, the Debtor must provide proof of his change in financial circumstances and amend his bankruptcy schedules I & J. Debtor would also need to make a motion to amend his plan and submit an amended plan for approval. Debtor may wish to hire new bankruptcy counsel to assist him in this process.

## Conclusion

For the foregoing reasons, and for the Debtor's failure to appear at the December 21, 2021 hearing, it is hereby **ORDERED** that Debtor's request for reconsideration of this Court's prior decision and Debtor's request to amend his plan are **DENIED**.



**Dated: January 7, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**